CMR

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUDWIG ORKOWSKI,  :
    Plaintiff,  :
      :
    v.  :     CIVIL ACTION NO. 19-CV-2087
      :
WILLIAM MCCAULEY, III, *et al.*,  :
    Defendants.  :

FILED
MAY 2 2 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

RUFE, J.                                     MAY , 2019

    *Pro se* Plaintiff Ludwig Orkowski filed this civil rights action pursuant to 42 U.S.C. § 1983, based on allegations that officers and/or employees of Bristol Township unlawfully seized his personal property from his yard. He also filed a Motion to Proceed *In Forma Pauperis*. For the following reasons, the Court will (1) grant Orkowski leave to proceed *in forma pauperis*; (2) dismiss the Complaint with prejudice as to the Bristol Township Sewer Department; (3) dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to all remaining Defendants except for one; and (4) permit Orkowski to proceed against that one Defendant or file an amended complaint.

## I.    FACTS

    Orkowski alleges that in May of 2017, officials from Bristol Township Licenses and Inspections, Bristol Township police officers, and employees of Rob's Towing entered his property "[without] cause or proper documents," and removed a considerable amount of personal property from his yard including cars, a hot tub and air condenser, lawn mowers, weed whackers,

and a camper.[1] (Compl. at 5 & 8.)[2] Orkowski alleges that some of his property was destroyed and some of it is in the custody of Rob's Towing. He also alleges that his yard was damaged during the process of removing his personal property. The Complaint suggests that Orkowski faults Robert McTauge, a "township worker who said we are taking everything," for "instigat[ing] causing crimes to be committed in the process by unknowing workers of the police department." (*Id.* at 10; *see also id.* at 5.)

The Complaint implies that the seizure of Orkowski's property was conducted pursuant to a local ordinance related to abatement of nuisances. (*Id.* at 9-10.) However, Orkowski alleges that the individuals involved "did not adhere to the law[']s stated timeframe for abatements." (*Id.* at 9.) It appears Orkowski had made arrangements with Blalock's Towing to move some of his "stuff of high value, so [he] didn't lose the important things and personal property" but that the Township acted too quickly, and he was not able to remove that property from his yard.[3] (*Id.*) Orkowski also alleges that he was not provided a "fair chance to get [his] vehicles and machinery back in any sort of a timely or untimely fashion." (*Id.* at 10.)

The Complaint names thirty-seven individuals and governmental entities as Defendants. Other than Bristol Township and Rob's Towing, Orkowski has only mentioned some of the additional Defendants in the body of the Complaint. He alleges that Denise Yarnell and Darin Clark, who are presumably Orkowski's neighbors, "caused the problem." (*Id.* at 5.) He adds that Darin Clark "assaulted [him]" and that Denise Yarnell "has a personal friendship with

---

[1] Rob's Towing is identified in the caption of the Complaint as "Rob's Towing/Hauling" and in the body of the Complaint as "Rob's Towing."

[2] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

[3] It appears that "Blalock's Towing" is identified as "Blalock Auto" in the caption of the Complaint.

Robert McTauge of the Township," and "threatened" him. (*Id.* at 10.) Orkowski indicates that, when he contacted the Township in efforts to retrieve his property, he was directed to "call Randy Flager . . . the township lawyer," but he does not raise any additional allegations about Flager. (*Id.* at 10.) Orkowski does not mention the other Defendants in the body of his Complaint, but the Court assumes from context that some of the named individual Defendants are employed by Bristol Township, and other named Defendants are neighbors of Orkowski who complained to Bristol Township or Bucks County officials about the condition of Orkowski's property.

Orkowski seeks the return of various vehicles and trailers from Rob's Towing as well as damages to compensate him for the property that was destroyed or damaged. (*Id.* at 6.) The Court construes the Complaint as raising Fourth Amendment and due process claims.[4]

## II. STANDARD OF REVIEW

The Court will grant Orkowski leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if, among other things, it fails to state claims. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil

---

[4] The Complaint also cites the Eighth Amendment, which has no apparent application here because none of the allegations suggest that Orkowski was punished or fined for a criminal offense. *See Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 420 (3d Cir. 2000) ("The term 'fine' [in the Eighth Amendment] refers to punishment for a criminal offense."); *Ebert v. Twp. of Hamilton*, Civ. A. No. 15-7331, 2018 WL 3772677, at *10 (D.N.J. Aug. 9, 2018) (rejecting Eighth Amendment claim against Township for acts taken to remove items from the plaintiffs' yard where plaintiffs did not "introduce[] any evidence to suggest that the charges operated as punishment for an offense"). Accordingly, any Eighth Amendment claims are dismissed.

3

Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which

requires the Court to determine whether the complaint contains "sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As

Orkowski is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*,

655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to

contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A

district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the

complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if

any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

This Court has noted that Rule 8 "requires that pleadings provide enough information to put a

defendant on sufficient notice to prepare their defense and also ensure that the Court is

sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-

4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is

Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

4

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

## A.    Claims Against Municipal Entities

Orkowski lists Bucks County, Bristol Township, and the Bristol Township Sewer Department as Defendants. To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N Y*, 436 U.S. 658, 694 (1978). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff plausibly alleges that a custom was the proximate cause of his injuries by asserting that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Even when reading the Complaint liberally, the Court cannot discern any allegation of a municipal policy or custom. Nor does the Complaint sufficiently allege that a municipal decisionmaker directed the alleged constitutional violations in question. The Complaint suggests

5

that the relevant parties acted contrary to Township policy by contravening the local ordinance and implies that the events in question may be attributable to McTauge, who is identified only as a "township worker." Accordingly, the Complaint does not plausibly allege facts that would support a plausible basis for proceeding on municipal liability claim. Merely reciting the allegedly unconstitutional acts that municipal employees committed is insufficient to create *Monell* liability against Bucks County and Bristol Township. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); *Benhaim v Borough of Highland Park*, Civ. A. No. 11-2502, 2015 WL 105794, at *7 (D.N.J. Jan. 6, 2015) (noting that liability does not "arise on the tautological grounds that the injury in question would not have occurred if officers had been trained to avoid that particular injury; such a claim 'could be made about almost any encounter resulting in injury.'" (quoting *City of Canton v. Harris*, 489 U.S. 378, 391 (1989)). Accordingly, the claims against Bucks County and Bristol Township will be dismissed without prejudice and with leave granted to Orkowski to file an amended complaint if he is able to allege facts sufficient to support a claim against Bucks County and Bristol Township.

The Complaint also lists the Bristol Township Sewer Department as a Defendant. Following *Monell*, courts concluded that subunits of the local governments are not proper parties to a § 1983 action, but rather are merely vehicles through which the municipality fulfills its functions. *See e g Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993); *Korf v Feldenkreis*, Civ. A. No. 98-2519, 1999 WL 124388 *11 n. 5 (E.D. Pa. Feb. 8, 1999). Thus, while a municipality may be liable under § 1983, subunits of the municipality, may not. *Id.*;

*Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at \*9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Bristol Township Sewer Department is not a proper defendant in this case under § 1983 and is dismissed.

### B. Claims Against Rob's Towing

Orkowski alleges that unnamed officials of Bristol Township and employees of Rob's Towing entered his property and seized his personal property without authorization to do so and in a manner inconsistent with the relevant municipal ordinance. While there is no allegation in the Complaint that Rob's Towing is a "state actor" for purposes of § 1983, a non-state actor who conspires with a state actor may be liable in a civil rights action. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting . . . 'under color' of law for purposes of § 1983 actions."). Orkowski will be permitted to proceed at this time on his claims against Rob's Towing because he alleges that Rob's Towing acted with Township officials to unconstitutionally enter his land and seize his property.

### C. Claims Against Denise Yarnell and Darin Clark

Orkowski has not stated a basis for a claim against Denise Yarnell or Darin Clark, who appear to be his neighbors. He alleges that Yarnell and Clark "caused the problem" and notes that Yarnell was friends with McTauge, but those allegations do not establish any plausible basis for concluding that Yarnell and Clark could be considered state actors who violated Orkowski's

7

constitutional rights. Indeed, even if Yarnell and/or Clark passed information along to Township officials or police that caused them to act, "[m]erely giving information to police officers is insufficient to convert a private party into a state actor." *Simmer v. Kehler*, Civ. A. No. 15-2285, 2015 WL 6737017, at \*3 (D.N.J. Nov. 2, 2015) (collecting cases); *Cvetko v. Derry Twp. Police Dep't*, Civ. A. No. 1:09-1260, 2010 WL 1791140, at \*4 (M.D. Pa. May 4, 2010) ("[A] private actor does not proceed under color of state law merely by furnishing the police with information pertaining to a possible public disturbance."). To the extent Orkowski alleges that Clark "assaulted" him and Yarnell "threatened" him, those allegations are too conclusory and vague to give rise to a claim under § 1983 or state tort law.[5]

## D. Claims Against McTauge and Flager

Orkowski has also failed to state a claim against McTauge, identified as a "township worker" and Flager, identified as "the township lawyer." Although the Complaint alleges that McTauge instigated the events giving rise to Orkowski's claims, the only act attributed to him is that he told Orkowski "we are taking everything." (Compl. at 5 & 10.) That statement does not support a plausible basis for a claim against McTauge without any additional allegations establishing that he somehow authorized or otherwise participated in the seizure of Orkowski's property. If McTauge was responsible for the seizure of Orkowski's property, Orkowski must clearly allege as much. Orkowski's claims against Flager are even weaker as Flager is not alleged to have done anything at all; rather, it appears that someone referred Orkowski to Flager when Orkowski contacted the Township about retrieving his property. As pled, the Complaint does not support a plausible claim against either of these Defendants.

---

[5] Even if Orkowski had a basis for tort claims against these Defendants, it is not clear that it would be appropriate for him to bring them in connection with this lawsuit, which is based on the seizure of personal property from his home in May of 2017.

### E. Claims Against Blalock Auto

Orkowski has not stated a claim against Blalock Auto. Assuming that "Blalock Auto" is the same entity as "Blalock's Towing," Orkowski alleges that he had made arrangements with that entity to move his belongings, but that individuals from the Township acted before he was able to accomplish that goal. Nothing suggests any plausible basis for a claim against Blalock Auto related to the seizure of property from Orkowski's yard. Nor is there any other plausible basis for a claim against this entity.

### F. Remaining Defendants

Orkowski has not stated a claim against any of the remaining twenty-eight Defendants. He has not alleged what each Defendant did or did not do so as to violate his rights, or explain how each Defendant is responsible for the seizure of his property. Rather, he makes numerous allegations of wrongdoing without identifying with specificity which of the named Defendants was involved. For example, he asserts that "officers" entered upon his land and seized his property, without identifying these individuals by name. (Compl. at 8.) This is insufficient to meet Orkowski's Rule 8 obligation to provide enough information to put a defendant on sufficient notice to prepare a defense and also ensure that the Court is sufficiently informed to determine the issue, especially given the large number of Defendants in this case. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014). Accordingly, the Court will dismiss Orkowski's claims against these Defendants.

## IV. CONCLUSION

For the reasons stated, Orkowski's § 1983 claims against Rob's Towing, identified in the caption as "Rob's Towing/Hauling" are sufficient to pass § 1915 screening. The claims against Bristol Township Sewer Authority are dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii)

9

for failure to state a claim. The claims against all other Defendants are dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) and with leave granted to Orkowski to file an amended complaint. Should Orkowski choose not to file an amended complaint, only the claims against Rob's Towing/Hauling will proceed. The Court will defer service of the Complaint at this time, pending Orkowski's decision to file an amended complaint.

**BY THE COURT:**

CYNTHIA M. RUFE, J.

5/23/19 mail.
Orkowski

ENT'D MAY 2 3 2019